Jonathan Shub (Bar I.D. #317842020)
Kevin Laukaitis (Bar I.D. #155742022)
SHUB LAW FIRM LLC
134 Kings Highway E, 2nd Floor
Haddonfield, NJ 08033
T: 856-772-7200
F: 856-210-9088
jshub@shublawyers.com
klaukaitis@shublawyers.com

*Attorneys for Plaintiff*
*and the Proposed Class*

[Additional counsel listed on signature page]

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| GLENN LIOU, individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>CAPITAL ONE FINANCIAL CORP.,<br><br>　　　　　Defendant. | Case No.:<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Glenn Liou ("Plaintiff") brings this Class Action against Capital One Financial Corp. ("Defendant" or "Capital One"), on behalf of himself and all others similarly situated, and alleges the following based on his personal knowledge and the investigation of his counsel:

1. This is a consumer class action on behalf of consumers seeking remedy for Defendant's deceptive business practice in marketing, advertising, and promotion of its credit card pre-approval services.

2. Capital One is a bank holding company specializing in credit cards, auto loans, and banking.

3. Defendant extensively markets credit cards and its pre-approval process to consumers via its website and mobile application.

4. Specifically, Defendant engages in a bait-and-switch tactic to lure unwitting customers into applying for its credit card services.

5. Defendant represents uniformly in its advertisements and marketing that customers can get pre-approved for one of Defendant's credit cards, a process which would **not** affect their credit score.

6. In reality, Defendant induces customers to apply for an actual credit card through use of dark patterns, resulting in damage to the customers' credit score by lowering the score via a hard credit pull.

7. Capital One runs a hard inquiry on customers' credit reports which lowers their credit score in direct contradiction to Defendant's representation that applying for pre-approval will not have a negative effect on their credit score.

8. As a large financial institution, Capital One knew or should have known that its dark pattern tactics were misleading, deceptive, and/or false and lacked a reasonable basis.

9. Capital One omitted material facts, including the fact that customers would experience a hard credit pull by applying for its credit cards.

10. As a result of Capital One's representations and omissions, Plaintiff and other reasonable consumers reasonably and justifiably relied on Capital One's misstatements.

11. Defendant's conduct is consumer-oriented and likely to deceive reasonable consumers.

12. Defendant's conduct violates the Fair Credit Reporting Act 15 U.S.C. § 1681 et seq., the New Jersey Fair Credit Reporting Act, N.J.S.A. 56:11-28, et seq., the New Jersey Consumer

Fraud Act, N.J.S.A. § 56:8-2, et seq., and New Jersey's Truth-In-Consumer Contract, Warranty, and Notice Act ("TCCWNA"), N.J.S.A. § 56:12-15.

13. Plaintiff brings this proposed class action on behalf of himself and other similarly situated consumers throughout the United States, including New Jersey, who applied for pre-approval for Defendant's Capital One Credit Card and had their credit hard pulled as a result.

14. Plaintiff seeks on behalf of himself and the members of the Class, to recover compensatory and statutory damages, treble or punitive damages as available, attorneys' fees and costs, and any other relief the Court deems appropriate.

15. Plaintiff also seeks on behalf of himself and the members of the Class to halt Defendant's illegal conduct through an injunction.

## JURISDICTION AND VENUE

16. This Court has jurisdiction over this matter under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), as the amount in controversy exceeds $5 million, exclusive of interests and costs; it is a class action of over 100 members; and at least one Plaintiff is a citizen of a state different from Defendant.

17. Venue is proper in this district under 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district, and Plaintiff resides in this district.

## PARTIES

18. Plaintiff Glenn Liou is a resident and citizen of New Jersey, Ocean County, residing in Whiting, New Jersey.

19. Defendant is a Virginia corporation with a principal place of business in McLean, Virginia, Fairfax County. Defendant operates more than fifty branch offices in New Jersey.

## COMMON FACTUAL ALLEGATIONS

### I.   Dark Patterns

20. The term "dark patterns," coined in 2010 by website user design specialist Harry Brignull, has been used to describe design practices that trick or manipulate users into making choices they would not otherwise have made and that may cause harm to consumers.[1]

21. Dark patterns often take advantage of consumers' cognitive biases to steer their conduct or delay access to information needed to make fully informed decisions.

22. Dark patterns are highly effective at influencing consumer behavior to lure shoppers into unwittingly making unwanted and unplanned purchases.

23. One method utilized by the designers is known as a "bait and switch" where the user sets out to do one thing, but a different, undesirable thing happens instead.

24. Generally, a bait and switch works by an entity offering customers items or services at attractive terms to the customer; but, once they are interested and enter the entity's website, they will be switched to a service more desirable to the entity and potentially detrimental to the customer.

### II.   Capital One's Bait-and-Switch Tactic

25. While searching for credit card information online or via mobile application, consumers come upon Defendant's advertisement for a credit card pre-approval offer.

26. Capital One advertises uniformly its pre-approval offers online through search engine result advertisements, as well as on its website, www.capitalone.com.

---

[1] "Bringing Dark Patterns to Light | Staff Report." Federal Trade Commission, September 2022. (Accessed via: https://www.ftc.gov/system/files/ftc_gov/pdf/P214800%20Dark%20Patterns%20Report%209.14.2022%20-%20FINAL.pdf)

27. A sample of Capital One's online advertisement is found below:

> **Ad** · https://www.capitalone.com/creditcard
> **The Capital One® Walmart® Card - Pre-Approve Before You Apply**
> See if You're **Pre**-Approved Before You Apply for the **Capital One Walmart** Rewards® **Card**. Rewards on Every Purchase, Plus 5% Back at **Walmart**.com With the **Walmart Credit Card**. Add Authorized Users. 24/7 Customer Service. No Foreign Trans. Fees.
>
> **Respond to Your Mailer**
> Enter Your Reservation Number. Get a Response in Seconds.
>
> **See if You're Preapproved**
> Find Out if You're Eligible With No Risk to Your Credit Score.
>
> **Manage Your Card**
> Manage Your Account Online. Sign-In or Enroll Today.

28. The online advertisement specifically states the name of the credit card with the words "Pre-Approve Before You Apply" appearing next to the name of the credit card. Thus, all reasonable consumers, including Plaintiff and Class Members, understand this statement to mean that they are applying for a credit card pre-approval and not an actual credit card.

29. Defendant reinforces those statements with "See if You're Preapproved" and "Find Out if You're Eligible With No Risk to Your Credit Score." Reasonable customers read "No Risk to Your Credit Score" and understand this to mean that applying for pre-approval with Defendant would not impact their credit score.

30. After clicking on the link "See if You're Preapproved," customers are presented with a new page illustrated below:

## Capital One Walmart Rewards® Card

Earn 5% cash back on Walmart.com including pickup and delivery, with $0 annual fee.

If we are unable to approve you for this card, we will automatically consider you for the Walmart Rewards® Card for use at Walmart. ⓘ

Find out if you're eligible with **no risk to your credit score.**

[See if I'm Pre-Approved]

[Apply Now]

View important rates and disclosures

31. Defendant makes substantially the same statement - "Find out if you're eligible with **no risk to your credit score**."

32. On those two pages, "pre-approved" is mentioned four times and "no risk to your credit score" is mentioned twice.

33. Reasonable consumers under these circumstances would expect to be applying for a credit card pre-approval.

34. Customers are further prompted to press "See if I'm Pre-Approved" or "Apply Now," which customers are induced to believe, by pressing either button, the website would bring up an application for pre-approval.

35. Instead, when customers press "Apply Now," customers are presented language stating simply "Apply for a Walmart Credit Card" and "Continue to My Application."[2]

36. Nowhere on this page does Defendant alert customers that they are not applying for pre-approval.

---

[2] https://applynow.capitalone.com/?brandCode=WALMARTCB&marketingChannelCode=UNS

37. Pressing on the prompt to "Continue to My Application," will show a new page to enter personal information including name, birth date, social security number, citizenship status, telephone number, email address, employer information and annual income.

38. On the bottom of the page is "Additional Acknowledgements" which states "By Submitting Application button, I am: acknowledging that we will consider you for Capitol One Walmart Rewards Mastercard ..."

39. This page also does not alert customers that they are not applying for a pre-approval.

40. Even if customers realize by now that they are applying for actual credit card, they've already committed to the credit card application as a result of Defendant's bait-and-switch maneuver.

41. By pressing the "Continue" button, customers will have *actually* applied for a credit card, and had their credit hard pulled to their detriment.

42. While Defendant baits consumers with a credit card pre-approval offer on the Google search page, Defendant utilizes a bait-and-switch tactic to switch unassuming customers into applying for actual credit cards.

43. Instead of performing a soft inquiry on consumers' credit report, Defendant runs a hard inquiry that lowers their credit score.

44. The Federal Trade Commission ("FTC") recently fined a company for using credit card pre-approval to lure customers into applying for a credit card.[3]

45. The FTC Complaint alleged that Credit Karma's conduct harmed consumers by (1) wasting significant amount of consumers' time and (2) third party financial companies making a

---

[3] "FTC Takes Action to Stop Credit Karma From Tricking Consumers With Allegedly False 'Pre-Approved' Credit Offers." Federal Trade Commission. September 1, 2022. (Accessed via: https://www.ftc.gov/news-events/news/press-releases/2022/09/ftc-takes-action-stop-credit-karma-tricking-consumers-allegedly-false-pre-approved-credit-offers)

"hard inquiry" on their credit reports, which in many instances lowered consumers' credit scores and harmed their ability to secure other financial products in the future.

46. Most other companies that promote credit card pre-approval make it clear that customers are applying for pre-approval and only run a soft credit check. Nor do those companies trick customers into applying for a credit card.

47. As such, Defendant's conduct violated both 15 U.S.C. § 1681q and 15 U.S.C. § 1681b by obtaining a consumer report under false pretenses by intentionally misleading Plaintiff and Class Members, or knowingly without a permissible purpose and without authorization from Plaintiff and Class Members.

48. Defendant's conduct also violated the NJ FCRA by obtaining a consumer report under false pretenses or knowingly without a permissible purpose by obtaining Plaintiff's and the Class's credit report in connection with a credit transaction in which they did not authorize to be involved in, and for no other permissible purpose. N.J.S.A. 56:11-31a; N.J.S.A. 56:11-40.

49. Capital One's FCRA violations were willful. Capital One knew that it was not authorized to request Plaintiff's credit report, and acted in deliberate or reckless disregard of its obligations and the rights of Plaintiff and the other Class members under 15 U.S.C. § 1681b.

## PLAINTIFF'S EXPERIENCE

50. On or about March 2022, Plaintiff was searching for credit card information online when he came upon aforementioned Capital One Walmart Card pre-approval advertisement.

51. Upon pressing "See if You're Preapproved" link, Plaintiff was directed to the next page which further informed him that applying for pre-approval will result in "no risk to your credit score."

52. Plaintiff pressed "Apply Now" button under the reasonable assumption that he was

8

applying for pre-approval.

53. At no time did the webpages inform Plaintiff that he was not applying for pre-approval.

54. Soon after finishing the application process, Plaintiff received a notification from Defendant informing him that the credit card application was denied.

55. Upon further inquiry, Plaintiff discovered that Defendant had processed a credit card application rather than pre-approval application.

56. Worse yet, Defendant conducted both hard inquiry and soft run of Plaintiff's credit report. See partial credit report from Transunion.

```
CAPITAL ONE NA

Location                        Requested On        Phone
15000 CAPITAL ONE DRIVE         03/02/2022          (800) 955-7070
US364412
RICHMOND, VA 23238

Inquiry Type
Individual
```

```
CAPITAL ONE

Location                        Requested On        Phone
P O Box 31293                   03/08/2022          (800) 955-7070

Salt Lake City, UT 84131
```

57. Plaintiff did not wish to apply for a credit card nor did he voluntarily consent to applying for the same.

58. Plaintiff read and relied on Defendant's representations as stated above.

59. Had Plaintiff known that he would experience a hard pull on his credit report by Defendant for simply applying for "pre-approval", Plaintiff would not have applied for pre-approval.

60. As a result of Defendant's bait and switch scheme, Plaintiff's credit score reduced by approximately 7-10 points.

61. Defendant's conduct and omissions negatively affected Plaintiff's and the Class's credit worthiness.

## CLASS ACTION ALLEGATIONS

62. Plaintiff brings this action individually and on behalf of all other persons similarly situated pursuant to the Class Action Fairness Act ("CAFA") and Federal Rule of Civil Procedure 23. The class definition(s) may depend on the information obtained throughout discovery. Notwithstanding, at this time, Plaintiff brings this action and seeks certification of the following proposed Classes:

> **National Class:** All persons in the United States who applied for pre-approval for Defendant's Capital Credit Card and had their credit hard pulled as a result during the fullest period of law through the date of judgment. (the "National Class").

In the alternative, Plaintiff brings this action on behalf of himself and the follow State Subclass:

> **New Jersey Subclass:** All persons in New Jersey who applied for pre-approval for Defendant's Capital One Credit Card and had their credit hard pulled as a result during the fullest period of law through the date of judgment. (the "New Jersey Subclass").

63. Excluded from the Classes are (a) any person who signed a release of any Defendant in exchange for consideration, (b) any officers, directors or employees, or immediate family members of the officers, directors or employees, of any Defendant or any entity in which a Defendant has a controlling interest, (c) any legal counsel or employee of legal counsel for any Defendant, and (d) the presiding Judge in this lawsuit, as well as the Judge's staff and their

immediate family members.

64. Plaintiff reserves the right to amend the definition of the Classes if discovery or further investigation reveals that the Classes should be expanded or otherwise modified.

65. **Numerosity – Federal Rule of Civil Procedure 23(a)(1).** Class Members are so numerous and geographically dispersed that joinder of all Class Members is impracticable. While the exact number of Class Members remains unknown at this time, upon information and belief, there are thousands of putative Class Members. Moreover, the number of members of the Classes may be ascertained from Defendant's books and records. Class Members may be notified of the pendency of this action by mail and/or electronic mail, which can be supplemented if deemed necessary or appropriate by the Court with published notice.

66. **Predominance of Common Questions of Law and Fact – Federal Rule of Civil Procedure 23(a)(2) and 23(b)(3).** Common questions of law and fact exist as to all Class Members and predominate over any questions affecting only individual Class Members. These common legal and factual questions include, but are limited to, the following:

   a. Whether Defendant obtained consumer reports without a permissible purpose and without written authorization;

   b. Whether Defendant obtained consumer reports without a permissible purpose and without written authorization, and under false pretenses by representing to the consumer that the consumer was applying for pre-approval for a credit card with no risk to their credit score, when in fact credit reports were obtained through "hard" inquiries;

   c. Whether Defendant's actions violated the FCRA and/or NJ FCRA by obtaining consumer reports through false pretenses by representing to the consumer that the consumer was applying for pre-approval for a credit card with no risk to their

credit score, when in fact credit reports were obtained through "hard" inquiries;

d. Whether Defendant's acts and practices violated the NJCFA;

e. Whether Defendant's acts and practices violated the TCCWNA;

f. The proper measure of statutory and punitive damages; and

g. The proper form of injunctive and declaratory relief.

67. **Typicality – Federal Rule of Civil Procedure 23(a)(3).** Plaintiff's claims are typical of those of the absent Class Members in that Plaintiff and the Class Members each applied for Defendant's pre-approval during the fullest period of law through the date of judgment and each sustained damages arising from Defendant's wrongful conduct, as alleged more fully herein. Plaintiff shares the aforementioned facts and legal claims or questions with putative members of the Classes, and Plaintiff and all members of the putative Classes have been similarly affected by Defendant's common course of conduct alleged herein. Plaintiff and all members of the putative Classes sustained monetary and economic injuries including, but not limited to, ascertainable loss arising out of Defendant's false and deceptive representations and omissions, as alleged herein.

68. **Adequacy – Federal Rule of Civil Procedure 23(a)(4).** Plaintiff will fairly and adequately represent and protect the interests of the members of the putative Classes. Plaintiff has retained counsel with substantial experience in handling complex class action litigation, including complex questions that arise in this type of consumer protection litigation. Further, Plaintiff and his counsel are committed to the vigorous prosecution of this action. Plaintiff does not have any conflicts of interest or interests adverse to those of putative Classes.

69. **Insufficiency of Separate Actions – Federal Rule of Civil Procedure 23(b)(1).** Absent a class action, Plaintiff and members of the Classes will continue to suffer the harm described herein, for which they would have no remedy. Even if separate actions could be brought by individual consumers, the resulting multiplicity of lawsuits would cause undue burden and

expense for both the Court and the litigants, as well as create a risk of inconsistent rulings and adjudications that might be dispositive of the interests of similarly situated consumers, substantially impeding their ability to protect their interests, while establishing incompatible standards of conduct for Defendant. Accordingly, the proposed Classes satisfy the requirements of Fed. R. Civ. P. 23(b)(1).

70. **Declaratory and Injunctive Relief – Federal Rule of Civil Procedure 23(b)(2).** Defendant has acted or refused to act on grounds generally applicable to Plaintiff and all Members of the Classes, thereby making appropriate final injunctive relief and declaratory relief, as described below, with respect to the members of the Classes as a whole.

71. **Superiority – Federal Rule of Civil Procedure 23(b)(3).** A class action is superior to any other available methods for the fair and efficient adjudication of the present controversy for at least the following reasons:

   A. The damages suffered by each individual members of the putative Classes do not justify the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Defendant's conduct;

   B. Even if individual members of the Classes had the resources to pursue individual litigation, it would be unduly burdensome to the courts in which the individual litigation would proceed;

   C. The claims presented in this case predominate over any questions of law or fact affecting individual members of the Classes;

   D. Individual joinder of all members of the Classes is impracticable;

   E. Absent a Class, Plaintiff and members of the putative Classes will continue to suffer harm as a result of Defendant's unlawful conduct; and

    F.    This action presents no difficulty that would impede its management by the Court as a class action, which is the best available means by which Plaintiff and members of the putative Classes can seek redress for the harm caused by Defendant.

In the alternative, the Classes may be certified for the following reasons:

    G.    The prosecution of separate actions by individual members of the Classes would create a risk of inconsistent or varying adjudication with respect to individual members of the Classes, which would establish incompatible standards of conduct for Defendant;

    H.    Adjudications of claims of the individual members of the Classes against Defendant would, as a practical matter, be dispositive of the interests of other members of the putative Classes who are not parties to the adjudication and may substantially impair or impede the ability of other putative Class Members to protect their interests; and

    I.    Defendant has acted or refused to act on grounds generally applicable to the members of the putative Classes, thereby making appropriate final and injunctive relief with respect to the putative Classes as a whole.

## CAUSES OF ACTION

### COUNT I
**Violation of the Fair Credit Reporting Act**
**15 U.S.C. § 1681** *et seq.*
**(On behalf of Plaintiff and the National Class)**

72.    Plaintiff incorporates by references the preceding paragraphs as if fully set forth herein.

73.    Plaintiff is a "consumer" as defined by the FCRA.

74.    Capital One is a "person" as defined by the FCRA.

75. Defendant's conduct violated both 15 U.S.C. § 1681q and 15 U.S.C. § 1681b by obtaining a consumer report under false pretenses by intentionally misleading Plaintiff, or knowingly without a permissible purpose and without authorization from Plaintiff.

76. The foregoing violations were willful. Capital One knew that it was not authorized to request Plaintiff's credit report, and acted in deliberate or reckless disregard of its obligations and the rights of Plaintiff and the other Class members under 15 U.S.C. § 1681b.

77. Plaintiff and the Classes are entitled to statutory damages of not less than $100 and not more than $1,000 for each and every one of these violations, pursuant to 15 U.S.C. § 1681n(a)(1)(A).

78. Plaintiff and the Classes are entitled to punitive damages for these violations, pursuant to 15 U.S.C. § 1681n(a)(2).

79. Plaintiff and the Classes are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. § 1681n(a)(3).

## COUNT II
### Violation of the New Jersey Fair Credit Reporting Act
### N.J.S.A. 56:11-28, *et seq.*
### (On behalf of Plaintiff and the New Jersey Subclass)

80. Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

81. Defendant's conduct violated the NJ FCRA by obtaining a consumer report under false pretenses or knowingly without a permissible purpose by obtaining Plaintiff's credit report in connection with a credit transaction in which he did not authorize to be involved in, and for no other permissible purpose. N.J.S.A. 56:11-31a; N.J.S.A. 56:11-40.

82. The foregoing violations were willful. Capital One knew that it was not authorized to request Plaintiff's credit report, and acted in deliberate or reckless disregard of its obligations

and the rights of Plaintiff and other Class members.

83. Plaintiff and the Classes are entitled to statutory damages of not less than $100 and not more than $1,000 for each and every one of these violations, pursuant to N.J. Stat. 56:11-38a(1)(a).

84. Plaintiff and the Classes are entitled to punitive damages for these violations, pursuant to N.J. Stat. 56:11-38a(2).

85. Plaintiff and the Classes are further entitled to recover their costs and attorneys' fees, pursuant to N.J. Stat. 56:11-38a(3).

### COUNT III
### Violations of the New Jersey Consumer Fraud Act ("NJCFA")
### (On behalf of the National Class, or Alternatively, the New Jersey Subclass)

86. Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

87. Defendant engages in unfair business practices relating to its administration of its credit card pre-approval services, in violation of the New Jersey Consumer Fraud Act, N.J.S.A. § 56:8-2, et seq. Plaintiff is a New Jersey citizen.

88. Defendant is a "person" as defined by § 56:8-1(d).

89. Defendant's credit cards constitute "merchandise" as defined by § 56:8-1(c).

90. Defendant's practices relating to its credit card pre-approval process are unlawful and constitute an "unconscionable commercial practice, deception, fraud . . . [and] misrepresentation, or the knowing, concealment, suppression, or omission of material facts" in connection with their services as defined by § 56:8-2.

91. Under the New Jersey Consumer Fraud Act, such conduct done in connection with the sale or advertisement of its credit cards is unlawful whether or not any person has in fact been

misled, deceived or damaged thereby.

92. Moreover, Defendant's conduct is unlawful under the NJCFA because its conduct violates the FCRA and/or NJ FCRA, as alleged in Counts I and II above.

93. As alleged herein, Plaintiff, on behalf of himself and the Nationwide Class, or Alternatively, the New Jersey Subclass performed their requisite obligations during the credit card pre-approval process.

94. As redress for Defendant's repeated and ongoing violations of the New Jersey Consumer Fraud Act, Plaintiff and the Class are entitled to damages and declaratory relief pursuant to §§ 56:8-2.12 and 56:8-159.

95. Further, pursuant to § 56:8-19, Plaintiff is entitled to court costs and reasonable and necessary attorneys' fees in connection with this action.

## COUNT IV
### VIOLATIONS OF THE TRUTH-IN-CONSUMER CONTRACT, WARRANTY, AND NOTICE ACT ("TCCWNA")
### (N.J.S.A. § 56:12-15)
### (On Behalf of Plaintiff and the New Jersey Subclass)

96. Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

97. Plaintiff and those similarly situated are "consumers" within the meaning of N.J.S.A. § 56:12-15.

98. Defendant is a "seller" within the meaning of N.J.S.A. §§ 56:12-15 and -17.

99. Defendant violated the TCCWNA with respect to Plaintiff and the Class by inducing Plaintiff and the members of the Putative Class to apply for a Capital One Credit Card using tactics that violate the CFA, as alleged above and in Count III. Thus, Defendant violated Plaintiff's and the Putative Class Members' clearly established legal rights or responsibilities of Defendant under

the CFA and, therefore, Defendant violated the TCCWNA.

100. As a result of Defendant's violations of the TCCWNA, Plaintiff and those similarly situated are entitled to statutory damages of not less than $100 for each of Defendant's TCCWNA violations, as provided by N.J.S.A. § 56:12-17.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and the Putative Classes, prays for relief as follows:

a. Determining that this action may proceed as a class action under Rule 23(b)(1), (2) and (3) of the Federal Rules of Civil Procedure;

b. Designating Plaintiff as class representative and designating Plaintiff's counsel as counsel for the Putative Classes;

c. Issuing proper notice to the Putative Classes at Defendant's expense;

d. Declaring that Capital One committed multiple, separate violations of the FCRA and the NJ FCRA;

e. Declaring that Capital One acted willfully in deliberate or reckless disregard of Plaintiff's rights and obligations under the FCRA and NJ FCRA;

f. Awarding appropriate equitable relief, including but not limited to, and injunction forbidding Capital One from engaging in further unlawful conduct in violation of the FCRA and the NJ FCRA;

g. Awarding statutory damages and punitive damages as provided by the FCRA and NJ FCRA;

h. Declaring that Defendant's actions alleged herein violate the NJCFA;

i. Awarding statutory damages and punitive damages as provided by the

NJCFA;

j. Declaring that Defendant's actions alleged herein violate the TCCWNA;

k. Awarding statutory damages and punitive damages as provided by the TCCWNA;

l. Awarding Plaintiff and the class treble damages where appropriate; and

m. Granting such other and further relief, in law or equity, as this Court may deem just and appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury of all claims in this Complaint so triable.

Dated: October 27, 2022

Respectfully submitted,

/s/ Jonathan Shub
Jonathan Shub (Bar I.D. #317842020)
Kevin Laukaitis (Bar I.D. #155742022)
SHUB LAW FIRM LLC
134 Kings Highway E, 2nd Floor
Haddonfield, NJ 08033
T: 856-772-7200
F: 856-210-9088
jshub@shublawyers.com
klaukaitis@shublawyers.com

Spencer Sheehan
Sheehan & Associates, P.C.
60 Cuttermill Rd Ste 412
Great Neck NY 11021
(516) 268-7080
spencer@spencersheehan.com

James Chung
Law Office of James Chung
43-22 216th Street
Bayside, NY 11361
(718) 461-8808
Jchung_77@msn.com

*Attorneys for Plaintiff and the Proposed Class*